UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE DEE HENDRIX III,<br><br>Plaintiff,<br><br>v.<br><br>D. OROZCO-SORIA, et al.,<br><br>Defendants. | CASE NO. 1:17-cv-00750-DAD-MJS(PC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>(ECF No. 18)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Astorga on Plaintiff's Eighth Amendment claims of medical indifference and excessive force. (ECF Nos. 6, 16.)

Defendant has moved for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies. (ECF No. 18.) Plaintiff opposes the motion. (ECF No. 21.) Defendant replied. (ECF No. 22.)

For the reasons set forth below, the undersigned will recommend that Defendant's motion be granted.

## I. Plaintiff's Allegations

Plaintiff's allegations may be summarized as follows:

On May 18, 2017, Correctional Officer Orozco-Soria[1] conducted a search of Plaintiff's property. Orozco-Soria "mentally and emotionally" bullied Plaintiff by threatening to destroy his personal property. During the encounter, Plaintiff informed Orozco-Soria that he was in need of mental health care. Plaintiff then punched a metal door and began to yell, demanding that he be taken to a mental health care provider. As a result of punching the door, Plaintiff broke his hands.

Following the incident, Defendant Astorga arrived and, despite seeing Plaintiff's injured hands, handcuffed Plaintiff so tightly the cuffs pinched Plaintiff's skin and grinded against Plaintiff's dislocated bones. Astorga also jerked Plaintiff's arm violently. Plaintiff was then taken to be evaluated by medical personnel. When a nurse asked Astorga to remove Plaintiff's handcuffs, Astorga refused, stating that Plaintiff was a "dangerous idiot." After being evaluated by the nurse, Plaintiff's arm was again "jerked," causing Plaintiff pain. When Plaintiff complained, Astorga responded, "so what?"

## III. Undisputed Facts

### A. Appeal Log No. VSP-17-00493

Plaintiff filed one inmate appeal to the third level of review regarding this issue: Appeal Log No.VSP-17-00493. (ECF No. 18-5 ¶ 8)

The initial 602 grievance form was submitted on March 19, 2017, and Plaintiff requested that Orozco-Soria be put under investigation for abusing his power and refusing to refer Plaintiff to a mental health specialist. (Id. at 12.) Plaintiff alleged that Orozco-Soria threatened to destroy Plaintiff's property during a room search and refused to allow Plaintiff to speak to a mental health care professional when Plaintiff became upset. (Id. at 13.) Plaintiff's grievance indicates that, "I punched the steel door screaming I need help. Still Officer Orozco just laughed at me." (Id.) Plaintiff's only mention of

---
[1] Plaintiff originally brought claims against Orzoco-Soria as well, but those claims were dismissed. (See ECF Nos.6, 16.)

2

Defendant Astorga states, "With officer Astorga as my escort I went to TTA for my broken hands." (Id.)

This appeal was processed as an Appeal Inquiry and bypassed the first level of review. (Id. at 15-16.) Plaintiff received a response from the second level of review that Plaintiff's allegations of staff misconduct against Orozco-Soria were reviewed and it was found that staff did not violate California Department of Corrections and Rehabilitation ("CDCR") policy. (Id. at 16.) Defendant Astorga's conduct was not addressed in the response. (Id.) Plaintiff and two witnesses were interviewed as a part of the investigation, and their responses do not mention Defendant Astorga. (Id.)

On April 27, 2017, Plaintiff appealed to the third level of review. (Id. at 10-11.) Plaintiff stated that Orozco-Soria continued to bully him and that the investigators only asked his witnesses one question. (Id.) This appeal was denied. (Id. at 7.) The appeal reviewer found that Plaintiff's allegations were properly reviewed and agreed with the determination of the second level reviewer that staff did not violate CDCR policy. (Id.) Defendant Astorga was not mentioned in the response. (Id.)

**IV.    Legal Standards**

    **A.    Summary Judgment Standards**

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. Anderson, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Id. at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet

its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000); see Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting Celotex, 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See Devereaux, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to judgment. See Celotex, 477 U.S. at 323.

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for nonexhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with the

defendant, however. Id. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, Id. at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," Id. at 1170-71.

In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Plaintiff's pleading is signed under penalty of perjury and the facts therein are evidence for purposes of evaluating Defendant's motion for summary judgment.

### B. California's Administrative Exhaustion Rules

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper

exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." Id. at 90.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. Jones v. Bock, 549 U.S. 199, 218 (2007); see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations"). California prisoners are required to lodge their administrative complaint on a CDCR-602 form (or a CDCR-602 HC form for a health-care matter). The level of specificity required in the appeal is described in a regulation:

> The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(4).

Exhaustion of administrative remedies may occur if, despite the inmate's failure to comply with a procedural rule, prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process. Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016); e.g., Id. at 659 (although inmate failed to identify the specific doctors, his grievance plainly put prison on notice that he was complaining about the denial of pain medication by the defendant doctors,

and prison officials easily identified the role of pain management committee's involvement in the decision-making process).

**V.   Analysis**

Defendant moves for summary judgment on the ground that Plaintiff did not exhaust either of his claims against Defendant Astorga. Defendant argues that Appeal Log No. VSP-17-000493 did not alert prison officials that Defendant Astorga used excessive force or denied Hendrix adequate medical care.

The evidence shows that Plaintiff only filed one appeal and it referred to Defendant Astorga only in passing and without complaint, stating that Astorga escorted Plaintiff to medical for his broken hands. (ECF No. 18-5 at 13.) Plaintiff argues that the word "escort" would indicate that Plaintiff was handcuffed and since his hands were broken that would serve to alert prison officials that the force used by Defendant Astorga was excessive.

The word "escort" does not serve to alert prison officials to "the nature of the wrong for which redress is sought." See Griffin, 557 F.3d at 1120. From Plaintiff's appeal reasonable prison officials would be on notice only that Plaintiff was seeking an investigation into the alleged conduct of Correctional Officer Orozco-Soria. Plaintiff's brief reference to Defendant Astorga does not alert prison officials to any alleged wrong done by Astorga. The word "escort" by itself does not serve to alert prison officials to Plaintiff's current allegation that Defendant Astorga put handcuffs on Plaintiff too tightly, denied Plaintiff medical care for his broken hands, or otherwise mistreated Plaintiff in any way. It does not make any claim that would suggest Astorga used excessive force or was deliberately indifferent to Plaintiff's medical needs. It does not give the prison the opportunity to address of the issues Plaintiff seeks to raise here. Plaintiff's appeals did do not exhaust Plaintiff's claims.

Defendant has thus carried his burden to demonstrate that there were available administrative remedies for Plaintiff and that Plaintiff did not properly exhaust those available remedies. The undisputed evidence shows that California provides an

administrative remedies system for California prisoners to complain about their health care, and that Plaintiff used that California inmate-appeal system to complain about other issues, but not about the alleged conduct of Defendant Astorga involved in this action.

Plaintiff acknowledges that he only filed one appeal. This appeal did not exhaust his administrative remedies in regards to Defendant Astorga. Since Defendants met their initial burden of so showing, the burden shifts to Plaintiff to come forward with evidence that something in his particular case made the existing administrative remedies effectively unavailable to him. See Albino, 747 F.3d at 1172. Plaintiff argues that remedies were effectively unavailable to him because he has a mental health issue, which was known to prison officials, and therefore the government is estopped from raising any deficiencies in his grievance as a bar to his having exhausted. Plaintiff cites to 15 CCR 3084.5 which provides that "When an appeal indicates the inmate or parolee has difficulty describing the problem in writing . . . the appeals coordinator shall ensure that the inmate or parolee receives assistance in completing and/or clarifying the appeal." (b)(1).

However, Appeal VSP-17-000493 does not indicate that Plaintiff had difficulty in describing the problem in writing. In Appeal VSP-17-000493 Plaintiff fully described his complaint against Correctional Officer Orozco-Soria and pursued this appeal to the final level of review. Plaintiff did not indicate in his initial grievance or any subsequent appeal that he needed assistance in describing any problems he was wishing to grieve and there is no evidence that Plaintiff requested any assistance in the second level interview that was conducted. Plaintiff's argument, therefore, does not indicate that remedies were effectively unavailable to Plaintiff.

Defendant has met his burden of showing that administrative remedies were available to Plaintiff, and that Plaintiff failed to exhaust them. Accordingly, Defendant's motion for summary judgment should be granted

**VI.    Conclusion**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment for failure to exhaust administrative remedies be GRANTED.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 9, 2018                          /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE